IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:                                                      CHAPTER 13

WILLIAM BERSHARD TERRELL                                    CASE NO.: 19-81573-CRJ-13
SSN: xxx-xx-4661
CORA SUE TERRELL
SSN: xxx-xx-2237

    Debtors,

## DEBTOR'S SUBMISSION OF PRE-CONFIRMATION AMENDMENT TO CHAPTER 13 BANKRUPTCY PLAN

COMES NOW the Debtors, WILLIAM BERSHARD TERRELL and CORA SUE TERRELL, and hereby submit their pre-confirmation amendment to Chapter 13 Plan and as grounds therefore would show as follows:

1. The Debtors are amending Section 4.4 to reflect the correct creditor for the priority claim.

2. Attached hereto is the Debtor's Amended Chapter 13 Plan which the Debtors pray would be ratified and confirmed by this Honorable Court.

/s/ William Bershard Terrell
WILLIAM BERSHARD TERRELL, Debtor


/s/ Cora Sue Terrell
CORA SUE TERRELL, Debtor

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.
Attorney for Debtors
908-C North Memorial Parkway
Huntsville, AL 35801
Phone: (256) 533-5097

## CERTIFICATE OF SERVICE

The undersigned certifies that on August 1, 2019, a copy of the foregoing has been served upon the following by depositing copies of same in the United States mail, properly addressed and postage prepaid, or if the party being served is a registered participant in the CM/ECF System for the United States Bankruptcy Court for the Northern District of Alabama, service has been made by a Notice of Electronic Filing.

Hon. Michele T. Hatcher, Trustee
PO Box 2388
Decatur, AL 35602

And to all parties listed on the Debtor's Mailing Matrix as attached hereto.

/s/ G. John Dezenberg, Jr.
G. JOHN DEZENBERG, JR.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>1126-8<br>Case 19-81573-CRJ13<br>NORTHERN DISTRICT OF ALABAMA<br>Decatur<br>Thu Aug  1 16:19:01 CDT 2019 | U. S. Bankruptcy Court<br>400 Well Street<br>P. O. Box 2775<br>Decatur, AL 35602-2775 | Ben L Zarzaur<br>PO Box 11366<br>Birmingham, AL 35202-1366 |
| Capital One Bank (USA), N.A.<br>PO Box 60599<br>City of Industry, CA 91716-0599 | Credit Collection Services<br>PO Box 607<br>Norwood, MA 02062-0607 | Dovenmuehle Mortgage<br>2863 St. Rose Parkway<br>Henderson, NV 89052-4806 |
| Eastern Account System<br>75 Glen Rd Ste 310<br>Sandy Hook, CT 06482-1175 | Franklin Collection Service<br>2978 W. Jackson St.<br>Tupelo, MS 38801-6731 | Huntsville ER Physicians Group<br>PO Box 11407 DRW 141<br>Birmingham, AL 35246-0141 |
| Infinity Safeguard Insurance Co.<br>2201 4th Ave. N.<br>Birmingham, AL 35203-3863 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Midland Funding, LLC<br>2365 Northside Dr. 300<br>San Diego, CA 92108-2709 |
| Perfection Collection<br>313 E 1200 S 102<br>Orem, UT 84058-6910 | State of Alabama<br>50 North Ripley Street<br>Montgomery, AL 36130-1001 | TitleMax<br>1919 Jordan Lane NW<br>Huntsville, AL 35816-1541 |
| (p)TMX FINANCE LLC FORMERLY TITLEMAX<br>15 BULL STREET<br>SUITE 200<br>SAVANNAH GA 31401-2686 | Village Capital & Investment<br>1 Corporate Dr., Ste 360<br>Lake Zurich, IL 60047-8945 | Village Capital & Investment, LLC<br>Bankruptcy Department<br>2863 St Rose Parkway<br>Henderson, NV 89052-4806 |
| Vivint<br>4931 North 300 West<br>Provo, UT 84604-5816 | WOW Cable<br>2401 10th St<br>Huntsville, AL 35805-4057 | Cora Sue Terrell<br>3016 Forsythe Dr.<br>Huntsville, AL 35810-2724 |
| G. John Dezenberg Jr.<br>Dezenberg & Smith, PC<br>908-C N Memorial Parkway<br>Huntsville, AL 35801-5813 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 | William Bershard Terrell<br>3016 Forsythe Dr.<br>Huntsville, AL 35810-2724 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

TitleMax of Alabama, INC.
15 Bull Street, Suite 200
Savannah, GA 31401

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Village Capital & Investment

End of Label Matrix
Mailable recipients   23
Bypassed recipients    1
Total                 24

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

Fill in this information to identify your case:

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **William Bershard Terrell** | | | |
| | Name: First | Middle | | Last |
| Debtor 2 | **Cora Sue Terrell** | | | |
| (Spouse, if filing) | Name: First | Middle | | Last |
| Case number: | 19-81573 | | | |
| (If known) | | | | |

Check if this is an amended plan ☑
Amends plan dated: 5/22/19

# Chapter 13 Plan

### Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules, administrative orders, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies. Your failure to check a box that applies renders that provision ineffective.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the confirmation hearing, unless otherwise ordered. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is made. See Bankruptcy Rule 3015. In addition, a proper proof of claim must be filed in order to be paid under this plan.

The following matters may be of particular importance to you. Debtor(s) must check each box that applies. Debtor(s)' failure to check a box that applies renders that provision ineffective.

☐ The plan seeks to limit the amount of a secured claim, as set out in Part 3, § 3.2, which may result in a partial payment or no payment at all to the secured creditor.

☐ The plan requests the avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest as set out in Part 3, § 3.4.

☐ The plan sets out nonstandard provision(s) in Part 9.

### Part 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make regular payments to the trustee as follows:

$150 per **Month** for **40** months
$459 per **Month** for **20** months

*Debtor(s) shall commence payments within thirty (30) days of the petition date.*

2.2 Regular payments to the trustee will be made from future income in the following manner (*check all that apply*):

☑ Debtor(s) will make payments pursuant to a payroll deduction. Debtor(s) request a payroll deduction be issued to: **Huntsville Hospital**
☐ Debtor(s) will make payments directly to the trustee.
☐ Other (specify method of payment)

**2.3**   Income tax refunds and returns. *Check one.*

☑ Debtor(s) will retain any income tax refunds received during the plan term.

☐ Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee income tax refunds received during the plan term, if any.

☐ Debtor(s) will treat income tax refunds as follows:

☐ Debtor(s) believe they are not required to file income tax returns and do not expect to receive tax refunds during the plan term.

**2.4**   Additional Payment *Check all that apply.*

☑ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5**   **Adequate Protection Payments**

Any adequate protection payments shall be made as part of this plan; see Part 3 or Part 9 for details. The secured creditor must file a proof of claim in order to receive payment. Unless otherwise ordered, adequate protection payments through the trustee shall be made as funds are available after the proof of claim is properly filed.

### Part 3: Treatment of Secured Claims

**3.1**   Maintenance of payments and cure of defaults, if any, on long-term secured debts. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
☑ Debtor(s) or trustee will maintain the current contractual installment payments on the secured claims listed below. These payments will be disbursed either by the trustee or paid directly by Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee. Unless otherwise ordered, the amounts listed on a proof of claim, amended proof of claim, or notice of payment change control over any contrary amounts listed below as to the estimated amount of the creditor's total claim, current installment payment, and arrearage.

| Name of Creditor | Collateral | Estimated Amount of Creditor's Total Claim | Current Installment Payment (including escrow) | Amount of Arrearage (if any) | Months Included in Arrearage | Monthly Fixed Payment on Arrearage | Monthly Fixed Payment on Arrearage to Begin |
|---|---|---|---|---|---|---|---|
| Dovenmuehle Mortgage | 3016 Forsythe Dr. Huntsville, AL 35810 Madison County | $70,113.00 | $586.00 Disbursed by: **Debtor** To Begin: **6/2019** | $1,172.00 | 2 | $26.00 | |

**3.2**   Request for valuation of security, claim modification, and hearing on valuation. *Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3**   Secured claims excluded from 11 U.S.C. § 506 and fully secured claims. *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*
☑ The claims listed below:
1. were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of Debtor(s), or
2. were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
3. are fully secured.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee as specified below. Unless otherwise ordered, the status and amount stated on a proof of claim or amended proof of claim controls over any contrary amount listed below as to the estimated amount of the creditor's total claim, but the interest rate is controlled by the plan.

The holder of any claim listed below will retain the lien until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge under 11 U.S.C. § 1328(a), at which time the lien will terminate and be released by the creditor.

| Name of Creditor | Monthly Adequate Protection Payment | Estimated Amount of Creditor's Total Claim | Collateral | Value of Collateral | Interest Rate | Monthly Fixed Payment to Creditor | Monthly Fixed Payment to Begin |
|---|---|---|---|---|---|---|---|
| TitleMax | $15.00 | $1,172.00 | 2001 Ford Expedition | $1,172.00 | 6.50% | $30.00 | |
| TitleMax | $15.00 | $1,323.00 | 2005 Nissan Maxima | $1,323.00 | 6.50% | $32.00 | |

3.4   Section 522(f) judicial lien and nonpossessory, nonpurchase-money ("Non-PPM") security interest avoidance. *Check all that apply.*

☑   None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5   Surrender of collateral. *Check one.*

☑   None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

### Part 4:   Treatment of Fees and Priority Claims

4.1   General

Trustee's fees will be paid in full. Except as set forth in § 4.5, allowed priority claims also will be paid in full, without interest.

4.2   Chapter 13 case filing fee. *Check one.*

☑ Debtor(s) intend to pay the Chapter 13 case filing fee through the plan.
☐ Debtor(s) intend to pay the Chapter 13 case filing fee directly to the Clerk of Court.

4.3   Attorney's fees.

The total fee requested by Debtor(s)' attorney is **$1,800.00**. The amount of the attorney fee paid prepetition is **$0.00**. The balance of the fee owed to Debtor(s)' attorney is **$1,800.00**, payable as follows (*check one*):

☐ $ at confirmation and $ per month thereafter until paid in full, or
☑ in accordance with any applicable administrative order regarding fees entered in the division where the case is pending.

4.4   Priority claims other than attorney's fees and domestic support obligations. *Check one.*

☐ None. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The other priority claims are listed below. Unless otherwise ordered, the amount of the creditor's priority claim listed on the proof of claim or amended proof of claim controls over any contrary amount listed below.

| Name of Creditor | Estimated Amount of Claim to be Paid | Monthly Fixed Payment, if any, to Creditor | Monthly Fixed Payment, if any, to Begin |
|---|---|---|---|
| Madison County Circuit Court | $1,769.00 | | |

4.5   Domestic support obligations. *Check one.*

☑   None. *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### Part 5:   Treatment of Nonpriority Unsecured Claims

5.1   Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata.

### 5.2 Percentage, Base, or Pot Plan. *Check one.*

☐ 100% Repayment Plan. This plan proposes to pay 100% of each allowed nonpriority unsecured claim.
☐ Percentage Plan. This plan proposes to pay ____% of each allowed nonpriority unsecured claim.
☐ Pot Plan. This plan proposes to pay $____, distributed pro rata to holders of allowed nonpriority unsecured claims.
☑ Base Plan. This plan proposes to pay $ **15,180.00** to the trustee (plus any tax refunds, lawsuit proceeds, or additional payments pursuant to §§ 2.3 and 2.4). Holders of allowed nonpriority unsecured claims will receive the funds remaining, if any, after disbursements have been made to all other creditors provided for in this plan

### 5.3 Interest on allowed nonpriority unsecured claims not separately classified. *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### 5.4 Maintenance of payments and cure of any default on long-term nonpriority unsecured claims. *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.4 need not be completed or reproduced.*

### 5.5 Other separately classified nonpriority unsecured claims. *Check one.*
☑ **None.** *If "None" is checked, the rest of § 5.5 need not be completed or reproduced.*

## Part 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed, will be treated as specified, and any defaults cured. *Check one.*
☑ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

### 6.2 The executory contracts and unexpired leases listed below are rejected: *Check one.*
☐ **None.** *If "None" is checked, the rest of § 6.2 need not be completed or reproduced.*

☑ **Rejected items.**

| Name of Creditor | Description of Leased Property or Executory Contract |
|---|---|
| Vivint | Security Service Contract - Reject |

| WOW Cable | Cable Service Contract - Reject |
|---|---|

## Part 7: Sequence of Payments

### 7.1 Unless otherwise ordered, the trustee will make the monthly payments required in Parts 3 through 6 in the sequence of payments set forth in the administrative order for the division in which this case is pending.

## Part 8: Vesting of Property of the Estate

### 8.1 Property of the estate will vest in Debtor(s) *(check one)*:

☑ Upon plan confirmation.

☐ Upon entry of Discharge

## Part 9: Nonstandard Plan Provisions

☑ **None.** *If "None" is checked, the rest of Part 9 need not be completed or reproduced.*

| Debtor | **William Bershard Terrell**<br>**Cora Sue Terrell** | Case number | 19-81573 | Eff (01/01/2019) |
|---|---|---|---|---|

## Part 10: Signatures:

**Signature(s) of Debtor(s) required.**

Signature(s) of Debtor(s) *(required)*:

X  /s/ William Bershard Terrell        Date  8/1/19
    **William Bershard Terrell**

X  /s/ Cora Sue Terrell        Date  8/1/19
    **Cora Sue Terrell**

Signature of Attorney for Debtor(s):
X  /s/ G. John Dezenberg, Jr.        Date  8/1/19
    **G. John Dezenberg, Jr. ASB-3786-R78G**
    **908-C North Memorial Pkwy**
    **Huntsville, AL 35801**
    **256-533-5097**

Name/Address/Telephone/Attorney for Debtor(s):

By filing this document, Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) certif(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in this district's Local Form, other than any nonstandard provisions included in Part 9.

# United States Bankruptcy Court
## Northern District of Alabama

In re: **William Bershard Terrell / Cora Sue Terrell**, Debtor(s)

Case No. **19-81573**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **August 1, 2019**, a copy of **Debtor's Amended Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

- Ben L Zarzaur
- Capital One Bank (USA), N.A.
- Credit Collection Services
- Dovenmuehle Mortgage
- Eastern Account System
- Franklin Collection Service
- Huntsville ER Physicians Group
- Infinity Safeguard Insurance Co.
- Madison County Circuit Court
- Midland Funding, LLC
- Perfection Collection
- State of Alabama
- TitleMax
- TitleMax
- Village Capital & Investment
- Vivint
- WOW Cable

/s/ G. John Dezenberg, Jr.
G. John Dezenberg, Jr. ASB-3786-R78G
Dezenberg & Smith, P.C.
908-C North Memorial Pkwy
Huntsville, AL 35801
256-533-5097 Fax: 256-533-0068
dezlaw@bellsouth.net

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 19-81573-CRJ13    Doc 26    Filed 08/01/19    Entered 08/01/19 16:23:32    Desc Main Document    Page 10 of 10